RECEIVED CLERK'S OFFICE

2008 JAN 28  A 11: 03

DISTRICT COURT
DIST OF SOUTH CAROLINA
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery Straight, #62883-004, | C. A. No. 2:07-00326-CMC-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Mildred R. Rivera, Warden of FCI-Estill, | |
| Respondents. | |

This habeas corpus petition brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment. 28 U.S.C. § 636(b).

The petitioner, Jeffery Straight, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241 on February 1, 2007, and claimed that the Bureau of Prison's (BOP) calculation of his presentence jail time credit was wrong. He asserted that the court should order the BOP to grant him an additional 234 days credit against his sentence.

Specifically, Straight asserts he was incarcerated for federal offense and state charges which are based on the same criminal conduct for 334 days from April 29, 2002, through March 28, 2003, prior to being sentenced in federal court. Straight asserts the BOP has not credited him with the time period from August 7, 2002, through March 28, 2003, even though he was in the

1

physical custody of the BOP during this time period. Straight states the federal sentence was imposed to run concurrently with the state sentence, and for the federal sentence to be truly concurrent, it must be retroactively concurrent. Therefore he should receive credit for the entire 334 days.

It is undisputed that Straight has brought the petition under the proper statute, has properly exhausted his administrative remedies, and has named the proper respondent, his custodian.

On April 17, 2007, the respondent filed her motion for summary judgment and on April 19, 2007, the petitioner was provided a copy of the respondent's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On May 21, 2007, the petitioner filed a response in opposition to the respondent's motion. Hence, it appears consideration of the motion is appropriate.

### FACTUAL BACKGROUND

On April 29, 2002, Straight was arrested by the Florida Sheriff's Office of Broward County for possession of methamphetamine, possession of alprazolom, and unauthorized use of a drivers license. It was also discovered by Broward County

authorities at the time of this arrest that Straight was a fugitive wanted for violation of probation based on a previous conviction for grand theft and aggravated battery. Following this arrest, Straight remained in the custody of Florida state authorities.

On June 13, 2002, a federal indictment was handed down in the United States District Court for the Southern District of Florida charging Straight with conspiracy to manufacture and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, and endangering human life while manufacturing methamphetamine in violation of 21 U.S.C. § 858.

On August 7, 2002, Straight was convicted in Florida state court of possession of methamphetamine and was sentenced to 4 years, 3 months, and 25 days incarceration. Following this sentencing, Straight was placed in the custody of the Florida Department of Corrections (FDOC) to begin serving his sentence.

On August 20, 2002, Straight was borrowed from the FDOC by the United States Marshal's via a writ of habeas corpus ad prosequendum for disposition of his federal charges. On March 28, 2003, Straight was sentenced to 121 months imprisonment on the federal charges, to run concurrently with the state of Florida sentence. Following federal sentencing Straight was returned to the FDOC to complete service of his state sentence.

On August 6, 2006, Straight completed serving his state sentence and was released from the FDOC into exclusive federal custody to complete service of the federal sentence. Straight's federal sentence has been computed as having begun on March 28, 2003, the day it was imposed; he has received prior custody credit of 100 days consisting of the time period of April 29, 2002, the day of his arrest, through August 6, 2002, the day before his state sentence was imposed. He has a projected release date of October 1, 2011, via Good Time Credits.

## DISCUSSION

A review of the record and relevant case law indicates that Straight's prior custody credit has been properly computed by the BOP and, therefore, the respondent's motion should be granted.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. This includes responsibility for computing time credits and determining a sentence termination date once the defendant actually begins serving his sentence. United States v. Wilson, 503 U.S. 329, 335 (1992). In any computation of a federal sentence, two separate decisions must be made: (1) when the federal sentence commences, and (2) to what extent the defendant can receive credit for time spent in custody prior to the beginning of the sentence.

4

The Sentencing Reform Act of 1984 (SRA), which applies to sentences for offenses committed on or after November 1, 1987, such as Straight's, includes a statutory provision that pertains to "credit for prior custody." This provision is codified at 18 U.S.C. § 3585(b), and states in relevant part:

> Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence as imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Under the mandates of 18 U.S.C. § 3585(b), Straight is not entitled to any additional prior custody credit toward his federal sentence. See, Respondent's Ex. 2, 3. This is because the time Straight was held in pretrial confinement from April 29, 2002, through August 6, 2002, has been credited toward his federal sentence, and any time after August 6, 2002, was credited to his state sentence as time Straight actually spent serving the state sentence. Id.

However, even though 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the prisoner has received credit towards another sentence, as here, there are some limited exceptions, one of which is set forth in Willis v. United States, 438 F.2d 923 (5th Cir. 1971). In Willis the defendant was serving concurrent state and federal sentences. The court was

5

asked if circumstances could arise which would permit presentence time be awarded as prior custody credit toward a sentence. The <u>Willis</u> court reasoned that during state pre-sentence confinement, if a person is denied release on state bail because a federal detainer has been lodged against him, then that time was time "spent in custody in connection with the federal offense." Thus, even if the pre-sentence time had been credited against his state sentence, it should also be credited against the federal sentence.

The application of <u>Willis</u> credit as it pertains to prisoners sentenced under the SRA is set forth BOP Program Statement 5880.28,1 which provides:

> Credit related to 18 U.S.C. § 3585(b)(2),
>
> 1. Prior Custody Credit will be given for time spent in official detention as the result of any federal, state or foreign arrest which is not related to, yet occurred on or after the date of the federal offense (as shown on the judgment and commitment) for which the SRA sentence was imposed; provided it has not been credited to another sentence.
>
> The language of this section eliminates any need for a federal detainer to be on file or for bail to be set on the state or foreign charges as a prerequisite for applying such prior custody credit toward the federal sentence. Relevant prerequisites are:
>
>> a. The non-related official detention must have occurred on or after the date of the federal offense for which the SRA sentence was imposed.
>>
>> b. The non-related official detention must not have been granted on another sentence. If it

was applied on a state or foreign sentence, then credit is not applicable to the SRA sentence.

2. Failure by the non-federal government to grant official detention credit (or the credit granted was of no benefit) on a non-federal sentence, can be determined if:

    a. The non-federal charges were dismissed.

    b. Non-federal probation was granted.

    c. The federal and non-federal terms are concurrent and the Raw Effective Full Term Date of the none-federal term is equal to or less than the Raw Effective Full Term Date of the federal sentence. Prior custody credits shall be given for any time spent in non-federal pre-sentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal. These time credits are known as <u>Willis</u> time credits.

Pursuant to <u>Willis</u>, it appears that Straight has been awarded prior custody credit for the time period of April 29, 2002, through August 6, 2002. <u>See</u>, Respondent's Ex. 3, ¶ 13. This time period is the time Straight spent in state pretrial detention prior to starting his state sentence. <u>Id</u>. Straight is not entitled to the time period August 7, 2002, through March 28, 2003, because this was time spent actually serving the state sentence which began August 7, 2002.[1] <u>Id</u>.

---

[1] To award Straight the credit he seeks here would result in his receiving dual credit and the courts have consistently held that offenders cannot receive dual credit. <u>See</u>, <u>e.g.</u>, <u>Nguyen v. Department of Justice</u>, 173 F.3d 429 (6th Cir. 1999); <u>Ransom v. Morton</u>, 68 F.3d 481 (9th Cir. 1995); <u>McClain v. Bureau of Prisons</u>, 9 F.3d 503 (6th Cir. 1993); <u>Sinito v. Kindt</u>, 954 F.2d 467 (7th Cir. 1992); <u>McIntyre v. United States</u>, 508 F.2d 403 (8th Cir. 1975); <u>Vignera v. Attorney General of the United States</u>, 455

7

Additionally, it appears that Straight's sentence began as ordered by the sentencing judge. The sentencing court ordered Straight's federal sentence to run concurrently with the undischarged Florida state sentence he was serving at the time of federal sentencing, and the BOP has complied with this order. See, Respondent's Ex. 3, ¶ 14. When a court imposes a sentence to run concurrently to an undischarged term of imprisonment, it does not mean that the two sentences have the same commencement date. A federal sentence simply cannot start prior to the date it is handed down by the judge, even if the judge made it concurrent to a sentence already being served. <u>Coloma v. Holder</u>, 445 F.3d 1282, 1284 (11th Cir. 2006); <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980). Thus, Straight's federal sentence can only run concurrently with that part of his Florida sentence which remained to be served when the federal judge sentenced him. <u>Shelvy v. Whitfield</u>, 718 F.2d 441, 444 (D.C. Cir. 1983). Here, Straight's federal sentence has been computed as beginning on March 28, 2003, the same day his federal sentence was imposed. The BOP designated the FDOC as the place where the federal sentence would be served, which allowed Straight's federal

---

F.2d 637 (5th Cir. 1972); <u>Doss v. United States</u>, 449 F.2d 1274 (8th Cir. 1971); <u>Culcutta v. Pickett</u>, 506 F.2d 1061 (7th Cir. 1974).

sentence to begin even though he was still in the primary custody of the FDOC serving his state sentence.

In sum, while a prisoner may receive credit for time served in pretrial confinement, there is simply no authority, statutory or otherwise, that directs or allows the BOP to begin a federal sentence prior to the day it was actually imposed. Straight should be denied habeas corpus relief.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the respondent's motion for summary judgment be granted and this matter ended.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 28, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

10